IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH A. COURTRIGHT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. CIV-08-230-D |
| | ) |
| BOARD OF COUNTY COMMISSIONERS | ) |
| OF PAYNE COUNTY, OKLAHOMA, | ) |
| and NOEL BAGWELL, PAYNE COUNTY | ) |
| SHERIFF, | ) |
| | ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Defendants' Partial Motion to Dismiss [Doc. No. 12], filed pursuant to Fed. R. Civ. P. 12(b)(6). Defendants seek dismissal of any pendent state law claim asserted in the Complaint due to Plaintiff's failure to comply with Oklahoma's Governmental Tort Claims Act, Okla. Stat. tit. 51, § 151 *et seq.*, and because Sheriff Noel Bagwell is not a proper defendant for any such claim. Plaintiff has timely responded in opposition to the Motion, and Defendant has replied. Thus, the Motion is at issue.

**Standard of Decision**

Dismissal for failure to state a claim is proper "if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain 'enough facts to state a claim to relief that is plausible on its face.'" *Macarthur v. San Juan County*, 497 F.3d 1057, 1064 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)); *accord Trentadue v. Integrity Comm.*, 501 F.3d 1215, 1236 (10th Cir. 2007). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his

'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic*, 127 S. Ct. at 1964-65 (citations omitted). The question to be decided is "'whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed.'" *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007) (quoting *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir.2007)).

## Plaintiff's Claims

The Complaint states that Plaintiff is a former employee of Payne County who worked as a jailer for the sheriff's department and, in that position, "was not exempt from the minimum wage and overtime provisions of the Fair Labor Standards Act (FLSA)." *See* Compl. [Doc. 1], ¶ 4. Plaintiff alleges that he and other jailers were required to attend various training programs but received no compensation for their attendance. Plaintiff further alleges that, during these training sessions and on other occasions, he was required "to work in excess of the maximum hours provided under the FLSA" and "it was standard practice and procedure of Payne County and its Sheriff's Department to willfully fail and refuse to compensate [Plaintiff] in any manner for [his] attendance at mandatory training programs" and "to willfully fail to provide . . . overtime compensation or compensatory time off, for the hours worked in excess of the maximum." *See* Compl. [Doc. 1], ¶¶ 5-6. Plaintiff further claims that these wage practices were "willfully unlawful" and that "[o]n or about October 3, 2007, [Plaintiff] was terminated for opposing the unlawful practices of Payne County and its Sheriff's Department and asserting his rights under the law." *See* Compl. [Doc. 1], ¶ 7. The Complaint declares that Plaintiff's claims for relief "arise under the Failr Labor Standards Act, 29 U.S.C. § 201 *et seq*., as well as other laws," which are otherwise unspecified in Plaintiff's pleading. *See* Compl. [Doc. 1], ¶ 3.

**Defendant's Motion**

Defendants state in their Motion that within a week after filing the Complaint, Plaintiff filed with the Payne County Clerk a tort claim notice, which states Plaintiff's intention to assert claims under Oklahoma law. From this fact, and references in the Complaint to laws other than FLSA, Defendants anticipate that Plaintiff may be attempting to assert a state law tort claim in this case. Defendants seek the dismissal of any common law tort claim arguably stated in the Complaint based on a contention that any such claim is subject to the timeliness requirements of the Governmental Tort Claims Act, specifically its provision of a 90-day period after the receipt of written notice for the County to consider Plaintiff's claim before a lawsuit may be brought. *See* Okla. Stat. tit. 51, § 157. The Act prohibits a claimant from initiating a lawsuit before the expiration of the 90-day period unless the claim is denied within that period. *See id*. § 157(A). The Oklahoma Supreme Court has held that an action filed in violation of this prohibition is premature and must be dismissed, and has expressly rejected the proposition that a prematurely filed suit can ripen into a timely action once the 90-day period expired. *See Hathaway v. State of Oklahoma ex rel. Medical Research & Technical Auth*., 49 P.3d 740, 743-44 (Okla. 2002). Accordingly, Defendants contend that any tort claim possibly included in the Complaint must be dismissed. Further, Defendants note that the Act prohibits a tort action against an employee, such as Sheriff Bagwell, for acts committed within the scope of his employment. *See* Okla. Stat. tit. 51, § 163(C); *see also id*. § 152(5)(a)(1) (defining "employee" to include elected or appointed officials). Based on statutory and case authorities, Defendants assert that Sheriff Bagwell is an improper defendant on any tort claim.

In response, Plaintiff attempts to distinguish *Hathaway* by arguing that he is not asserting common law tort claims but statutorily-created claims. Plaintiff contends, based on the Oklahoma Supreme Court's decision in *Duncan v. City of Nichols Hills*, 913 P.2d 1303, 1307 (Okla. 1996), that

such claims are not subject to the notice and filing requirements of the Governmental Tort Claims Act. Although *Duncan* concerned employment discrimination rather than unpaid wages, Plaintiff argues that the same result should follow under Oklahoma's statutes and regulations regarding wage claims. Plaintiff concedes, however, "that Sheriff Bagwell is not a proper party on Plaintiff's state law claims." *See* Pl.'s Resp. Defs.' Mot. Dism. [Doc. 15] at 4-5.

## Analysis

Before reaching the parties' arguments regarding the applicability of the Governmental Tort Claims Act, the first task is to determine what state law claims, if any, are stated in the Complaint. Applying the federal standard of decision required by Rule 12(b)(6), the Court finds itself unable to determine that the Complaint states a claim for relief under Oklahoma law.

Plaintiff argues in response to Defendants' Motion that he has asserted "a state wage claim" and references paragraphs 3 and 7 of the Complaint. *See* Pl.'s Resp. Defs.' Mot. Dism. [Doc. 15] at 3. Paragraph 3 contains allegations regarding jurisdiction and venue and, as noted above, simply states that Plaintiff's claims for relief arise under FLSA and other unspecified laws. Paragraph 7 states only that the wage practices described earlier in the Complaint were unlawful and that Plaintiff was terminated for opposing the unlawful practices and asserting his legal rights. Neither these allegations, nor the arguments in Plaintiff's response brief, provide any basis to conclude that the Complaint contains all the factual elements necessary to establish an entitlement to relief under a particular state wage law.

Plaintiff notes in his brief that Oklahoma has enacted wage statutes and regulations that address wage claim violations. *See* Pl.'s Resp. Defs.' Mot. Dism. [Doc. 15] at 3-4 (citing Okla. Stat. tit. 40, § 165.1 *et seq*.; Okla. Admin. Code § 330:30-1-7). However, Oklahoma law does not establish standards regarding the payment of overtime wages, except for certain employees engaged

in the construction of public works. *See* Okla. Stat. tit. 40, § 196.3.  Although Oklahoma law does prohibit employers from paying "a wage of less than the current federal minimum wage for all hours worked," *id*., § 197.2, Plaintiff does not allege that his mandatory work requirements resulted in his being paid less than the minimum wage.  Also, Oklahoma's minimum wage laws do not apply to employers subject to FLSA.  *See id.* § 197.4(d), (e)(7).  As noted by Defendants, Oklahoma law authorizes a civil action by an employee to recover unpaid wages, *see id*. § 165.9, but Plaintiff fails to identify in his pleading any earned wages that remain unpaid.  In short, the Court finds that the Complaint provides insufficient factual allegations to establish a violation of Oklahoma wage laws.

Plaintiff also argues that he states a claim based on Oklahoma's "public policy against wrongful termination" and again references paragraphs 3 and 7 of the Complaint. *See* Pl.'s Resp. Defs.' Mot. Dism. [Doc. 15] at 2.  Presumably, Plaintiff refers to the tort claim first recognized in *Burk v. K-Mart Corp*., 770 P.2d 24, 28 (Okla. 1989), where the Oklahoma Supreme Court adopted "the public policy exception to the at-will termination rule in a narrow class of cases in which the discharge is contrary to a clear mandate of public policy as articulated by constitutional, statutory or decisional law."  However, Plaintiff's pleading fails to provide sufficient factual allegations to establish an entitlement to relief on such a claim.  Although Plaintiff alleges that he was terminated for opposing unlawful practices and asserting his legal rights, he does not identify an appropriately defined state public policy that was violated by his termination, and the Court is aware of none.  *See Darrow v. Integris Health, Inc.*, 176 P.3d 1204, 1212 (Okla. 2008) ("A federal statute, standing alone, does not articulate Oklahoma's public policy.  Only a specific Oklahoma court decision, state legislative or constitutional provision, or a provision in the federal constitution that prescribes a norm of conduct for the state can serve as a source of Oklahoma's public policy.").  Accordingly,

the Court finds that Plaintiff has failed to state a wrongful discharge claim based on a violation of Oklahoma public policy.

## Conclusion

Because the Court is unable to conclude that the Complaint states a claim for relief under Oklahoma law, the Court does not reach the parties' arguments regarding the applicability of the Governmental Tort Claims Act to any such claim.  Defendants are nevertheless entitled to the dismissal of any pendent state law claim that Plaintiff has attempted to assert in the Complaint.

IT IS THEREFORE ORDERED that Defendant's Partial Motion to Dismiss [Doc. No. 12] is GRANTED.  Plaintiff's asserted state law claims are dismissed for failure to state a claim upon which relief can be granted.  This dismissal is without prejudice to Plaintiff's right to seek leave to amend his pleading by filing a motion pursuant to Fed. R. Civ. P. 15(a)(2) within fifteen (15) days from the date of this Order.

IT SO ORDERED this 13th day of June, 2008.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE