IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOSEPH A. COURTRIGHT, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. CIV-08-230-D |
| BOARD OF COUNTY COMMISSIONERS OF PAYNE COUNTY, OKLAHOMA, *et al.*, | ) ) ) ) |
| Defendants. | ) |

**O R D E R**

Before the Court is Plaintiff's Motion for Conditional Collective Action Certification [Doc. No. 43], which seeks a determination of a putative class of similarly situated persons under 29 U.S.C. § 216(b), and approval of notice and consent forms to be sent to class members. Defendants have responded in opposition to the request for conditional class certification and, alternatively, have objected to Plaintiff's proposed notice. In reply, Plaintiff both addresses Defendants' opposition to certification and clarifies the proposed notice, stating a willingness to amend the language to which Defendants object. The Court rules on the issues presented as follows.

This action arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*,[1] which provides for collective or class actions as follows:

> An action to recover the liability prescribed in either of the preceding sentences [regarding unpaid minimum wages and overtime compensation] may be maintained

---

[1] By his Amended Complaint, Plaintiff has also added claims under Oklahoma wage laws and a tort claim under Oklahoma common law for wrongful termination of employment in violation of a well-defined public policy. *See*, *e.g.*, *Burk v. K-Mart Corp.*, 770 P.2d 24, 28 (Okla. 1989). Specifically, Plaintiff claims he was terminated for opposing Defendants' unlawful wage practices. The parties do not address how, if at all, these individual claims would be affected by the certification of an FLSA class action in this case.

> against any employer (including a public agency) in any Federal or State court of competent jurisdiction **by any one or more employees for and in behalf of himself or themselves and other employees similarly situated**. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C.A. § 216(b). Plaintiff's Motion invokes a widely accepted procedure for conditional class certification under FLSA's opt-in class mechanism, which does not adopt the class action standards of Fed. R. Civ. P. 23 but employs an undefined "similarly situated" standard. *See Thiessen v. General Elec. Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). In *Thiessen*, the court of appeals approved a two-tiered, *ad hoc* case-by-case approach, which it explained as follows:

> In utilizing this approach, a court typically makes an initial "notice stage" determination of whether plaintiffs are "similarly situated." In doing so, a court "'require[s] nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" At the conclusion of discovery (often prompted by a motion to decertify), the court then makes a second determination, utilizing a stricter standard of "similarly situated." During this "second stage" analysis, a court reviews several factors, including "(1) disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to defendant which appear to be individual to each plaintiff; [and] (3) fairness and procedural considerations . . . .

*Id*. at 1102-03 (citations omitted). Under this *ad hoc* approach, the factual showing needed to satisfy FLSA's "similarly situated" standard at the notice stage depends on the nature of the alleged wage violations in a particular case, and a plaintiff need only show "a 'reasonable basis' for his claim that there are other similarly situated employees." *See Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008).

According to the Amended Complaint, Plaintiff is a former employee of Payne County who worked as a jailer for the sheriff's department and, in that position, was entitled to compensation for "overtime hours worked pursuant to the provisions of the FLSA." *See* Am. Compl. [Doc. 23], ¶ 6. Plaintiff alleges that he and other similarly situated employees of the sheriff's department were required to attend training programs as a condition of their employment and, by attending these

2

training programs, they "worked in excess of the maximum hours provided under the FLSA." *Id.* ¶ 9. Plaintiff further alleges that "it was standard practice and procedure of Payne County and its Sheriff's Department to willfully fail and refuse to compensate [Plaintiff], and others similarly situated to him, in any manner whatsoever for their attendance at mandatory training programs." *Id.* ¶ 10. Also, Plaintiff alleges that he and other similarly situated employees were required "to work hours in excess of the maximum hours set forth in the FLSA on occasions other than those in which they had to attend training programs" and that "it was standard practice and procedure for Payne County and its Sheriff's Department to willfully fail to provide [the employees] with any compensation, whether overtime compensation or compensatory time off, for the hours worked in excess of the maximum." *See id.* ¶¶ 11-12. Finally, the Amended Complaint states that on October 8, 2007, "Payne County and its Sheriff's Department changed its overtime policies and practices to provide compensation." *See id.* ¶ 17.

By the Motion, Plaintiff asks the Court to grant conditional certification of a putative class of similarly situated persons defined as follows:

> All jailers and dispatchers who are currently employed or were employed by the Payne County Sheriff's Department and who are or were required to attend training programs and/or work overtime without appropriate compensation.

*See* Pl.s' Mot. Conditional Collective Action Certification [Doc. 43], at 2. To substantiate the alleged wage practices of the sheriff's department, Plaintiff submits his affidavit stating: that he was employed as a jailer from April 1, 2005, until October 3, 2007; that his job duties included overseeing custody and care of county jail inmates, booking and releasing inmates, escorting them to court appearances, and preparing administrative paperwork; that he and other jailers and dispatchers performed the same job duties, were required to attend mandatory training sessions and meetings without compensation, and worked in excess of 40 hours per week without overtime pay

3

or paid time off; that he and other jailers and dispatchers were paid a fixed monthly salary regardless of the number of hours worked; and that he believes other jailers and dispatchers would join this action if they were notified of it. Defendants' only response is to criticize Plaintiff for presenting only his own affidavit, without supporting evidence, and failing to identify any other jailer or dispatcher who wants to participate in a collective action. In reply, Plaintiff has submitted discovery materials as additional support for the class-wide wage practices described in his affidavit.

Under FLSA's opt-in class mechanism and the *ad hoc* approach approved in *Thiessen*, the Court must determine whether Plaintiff has presented "'substantial allegations that the putative class members were together the victims of a single decision, policy, or plan.'" *Thiessen*, 267 F.3d at 1103 (quoting *Vaszlavik v. Storage Tech. Corp.*, 175 F.R.D. 672, 678 (D. Colo. 1997)). After careful consideration, the Court finds that Plaintiff has sufficiently shown a putative class of Payne County jailers and dispatchers who were subjected to the alleged wage practices of uncompensated training sessions and work in excess of 40 hours per week during the relevant time period, that is, during Plaintiff's tenure as a jailer. The real question presented for decision – and argued extensively by the parties in their response and reply briefs – is whether Plaintiff must also identify other putative class members who wish to join a collective action, if one is conditionally certified.

According to Defendant, this additional requirement has been imposed by some district courts and has been endorsed by the Eleventh Circuit. *See Dybach b. State of Fla. Dep't of Corr.*, 942 F.2d 1562, 1567-68 (11th Cir. 1991) (instructing the district court on remand to "satisfy itself that there are other employees of the department-employer who desire to 'opt in' and who are 'similarly situated' with respect to their job requirements and with regard to their pay provisions"). As noted by Plaintiff, however, other district courts have expressly rejected this requirement, including courts within this circuit. *See, e.g.*, *Reab v. Electronic Arts, Inc.*, 214 F.R.D. 623, 629 (D.

Colo. 2002) (disregarding language in *Dybach* as dicta); *see also Heckler v. DK Funding, LLC*, 502 F. Supp. 2d 777, 780 (N.D. Ill. 2007). This Court concludes that the Tenth Circuit would not require a showing of additional plaintiffs as a pre-condition to "notice stage" certification and that Plaintiff's substantial allegations of class-wide policies and practices in this case are sufficient.

Notably, in *Thiessen,* the court of appeals discussed with approval the *ad hoc* approach described in *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213 (5th Cir. 1995), *overruled on other grounds*, *Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003). According to *Mooney*, the notice-stage "determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class." *Id*. at 1214 (footnote omitted). Further, in approving court-authorized notice in collective actions, the Supreme Court has charged district courts with "a managerial responsibility to oversee the joinder of additional parties to assure the task is accomplished in an efficient and proper way." *Hoffman-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170-71 (1989). In so doing, the Supreme Court reasoned that court oversight of the notice process could "ensure that it is timely, accurate, and informative" and "avoid the need to cancel consents obtained in an improper manner." *Id*. at 172.

In this Court's view, requiring Plaintiff to provide evidence that absent class members wish to join this lawsuit simply encourages unsupervised communications between Plaintiff or his counsel and other potential plaintiffs. This, in turn, creates a possibility that Defendants will later question whether improper communications have occurred or whether the opt-in process has been tainted by such communications. Further, a review of the discovery materials submitted by Plaintiff reveals that Defendants have identified 38 individuals who were employed as jailers or detention officers from April, 2005, to the present, of which 25 are current employees. The Court is reluctant to

impose a requirement that would place Plaintiff's counsel in a potential position of contacting Defendants' employees about joining an action against their employer.

For these reasons, the Court will conditionally certify a collective action under 29 U.S.C. § 216(b) for the purpose of giving notice and sending opt-in consent forms. Because Defendants do not otherwise object to Plaintiff's proposed definition of the putative class, the Court adopts the definition set forth herein. *See supra* at 3. Further, because the parties have demonstrated a willingness to negotiate a mutually agreeable form of notice, the Court will direct counsel for the parties to confer regarding the particular language in Plaintiff's proposed form and to inform the Court whether an agreement can be reached.[2] Counsel should also confer and propose a deadline for the filing of opt-in consent forms.

IT IS THEREFORE ORDERED that Plaintiffs' Motion for Conditional Class Certification [Doc. No. 43] is GRANTED as set forth above.

IT IS FURTHER ORDERED that the parties shall submit for the Court's approval not later than May 15, 2009, an agreed form of notice, if an agreement can reasonably be reached. If no agreement is reached, Plaintiff shall file a motion by that same date seeking approval of his proposed form and informing the Court of the nature of the parties' disagreement.

IT IS SO ORDERED this 21st day of April, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that Defendant proposes a temporal limit to the notice that is consistent with Plaintiff's pleading, that is, ending when Payne County changed its overtime pay policy in October, 2007. Although Plaintiff now expresses an unwillingness to accept that date, the Court would question whether any person hired after that date is "similarly situated" to Plaintiff, who was terminated before that date.