IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JOSEPH A. COURTRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No.  CIV-08-230-D |
| | ) | |
| BOARD OF COUNTY COMMISSIONERS | ) | |
| OF PAYNE COUNTY, OKLAHOMA, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

Before the Court is Defendants' Motion to Strike Untimely Filed Opt-In Notices [Doc. No. 62], which seeks to exclude from this collective action under 29 U.S.C. § 216(b) two persons who did not timely consent to participate.  Plaintiff has timely responded in opposition to the Motion, which is at issue.

This action arises under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*,[1] which authorizes collective or class actions to recover unpaid minimum wages and overtime compensation but provides: "No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought."  29 U.S.C.A. § 216(b).  On April 21, 2009, the Court conditionally certified a class of jailers and dispatchers employed by the Payne County Sheriff's Department who allegedly were required to attend training and work overtime hours without appropriate compensation.  On

---

[1] By his Amended Complaint, Plaintiff has also added claims under Oklahoma wage laws and a tort claim under Oklahoma common law for wrongful termination of employment in violation of a well-defined public policy.  *See*, *e.g.*, *Burk v. K-Mart Corp.*, 770 P.2d 24, 28 (Okla. 1989).  Specifically, Plaintiff claims he was terminated for opposing Defendants' unlawful wage practices.  The parties do not address how, if at all, these individual claims would be affected by the certification of an FLSA class action in this case.

May 18, 2009, the Court approved a form of notice to be given and a consent form to be completed and signed by putative class members. The parties mutually agreed on the proposed forms and on a deadline for opt-in plaintiffs to submit their written consents. The Notice issued by the Court provided: "In order to join this lawsuit and to be represented by Plaintiff's counsel, you must complete and return the attached 'Opt-In Consent to Sue Form' by June 30, 2009, either by mail, fax or email to [Plaintiff's counsel]." *See* Notice Pendency Overtime Wages Lawsuit [Doc. No. 52], § 2. The Notice also stated: "If you fail to return the 'Consent to Sue' form to Plaintiff's law firm in time for it to be filed with the federal court on or before the above deadline, then you will not be able to participate in this lawsuit." *Id.*

On July 13, 2009, Plaintiff filed a consent form signed by Scott Peterson dated July 6, 2009, which was received by Plaintiff's counsel on July 8, 2009. *See* Notice [Doc. No. 60]. On July 14, 2009, Plaintiff filed a consent form signed by Chris Ness dated June 30, 2009, which bears no date of receipt. *See* Notice [Doc. No. 61]. Defendants contend these two written consents should be disregarded because they were not filed within the established deadline. Plaintiff concedes the consents were untimely and filed without obtaining permission to make a late filing. Plaintiff contends, however, that untimeliness alone is insufficient to warrant exclusion from this action of two potential plaintiffs who would otherwise be forced to file separate, individual lawsuits.

A district court may excuse a missed deadline upon a showing of "good cause," subject to exceptions not pertinent here. *See* Fed. R. Civ. P. 6(b). After the deadline has expired, however, a court may grant an extension only "on motion . . . if the party failed to act because of excusable neglect." *See* Fed. R. Civ. P. 6(b)(1)(B); *see also Quigley v. Rosenthal*, 427 F.3d 1232, 1237-38 (10th Cir. 2005). Here, Plaintiff has neither filed a motion nor attempted to show excusable neglect; no reason is provided for the late filings. Accordingly, the Court cannot determine whether the

relevant surrounding circumstances warrant a finding that the neglect was excusable. *See United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004).[2] The legal authority on which Plaintiff relies to argue for an extension of the opt-in deadline, *Monroe v. United Air Lines, Inc.*, 94 F.R.D. 304 (N.D. Ill. 1982), is distinguishable.[3] In that case, the plaintiffs moved for leave to add seven individuals who had filed their consent forms after the deadline and all seven "appear[ed] to have reasonable excuses for failing to meet the timetable." *Id*. at 305.

IT IS THEREFORE ORDERED that Defendants' Motion to Strike Untimely Filed Opt-In Notices [Doc. No. 62] is GRANTED.

IT IS FURTHER ORDERED that the written consent forms filed on behalf of Scott Peterson [Doc. No. 60] and Chris Ness [Doc. No. 61] are STRICKEN and shall be disregarded.[4]

IT IS SO ORDERED this 4th day of September, 2009.

_____
TIMOTHY D. DEGIUSTI
UNITED STATES DISTRICT JUDGE

---

[2] "Such circumstances include '[1] the danger of prejudice to the [nonmoving party], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith.'" *United States v. Torres*, 372 F.3d 1159, 1162 (10th Cir. 2004) (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 395 (1993)).

[3] Plaintiff also cites inapposite authorities. In *Kelley v. Alamo*, 964 F.2d 747, 749 (8th Cir. 1992), the district court gave no notice of a deadline but "in effect, retroactively set a cutoff date."

[4] Plaintiff may, however, attempt to make the requisite showing by proper motion as discussed herein.